Opinion filed August 7, 2008











 
 
  
 
 







 
 
  
 
 




Opinion
filed August 7, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                       Nos. 11-07-00058-CR & 11-07-00059-CR

                                                     __________

 

                           QUINTIN
DAWSON MCCLEERY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 39th Judicial District

 

                                                       Stonewall
County, Texas

 

                                             Trial
Court Cause Nos. 1846 & 1847

 



 

                                             M
E M O R A N D U M  O P I N I O N

 

The
jury convicted Quintin Dawson McCleery of two offenses of arson and assessed
his punishment at confinement for ten years for each offense.  We affirm. 

Background
Facts








Bill
Mullen, Stonewall County Sheriff, investigated two fires set at two
residences.  As part of the investigation, Sheriff Mullen wanted to speak with
appellant in reference to the fires.  However, before Sheriff Mullen could set
up a meeting, appellant asked to speak with him.  Sheriff Mullen agreed to
speak with appellant but did not know it was in reference to the fires at that
time.  Appellant and Sheriff Mullen rode together in the sheriff=s car to the station.  At
the station, Sheriff Mullen gave appellant his Miranda[1]
warnings and had him sign the written form.  Appellant then gave a statement
saying that he had started the fires.  Sheriff Mullen typed the statement, and
appellant signed it.  We will summarize appellant=s
statement below.

 
Appellant wanted to join the volunteer fire department in Aspermont but had
heard that the president of the department, Timothy Meador, did not like him. 
He decided to set the first fire at an old abandoned house to show the
department and Meador that he knew what he was doing.   He set off fire
crackers and a strobe flair on old paper lying on the floor.  After the report
of the fire came in, appellant went to the house to help extinguish the fire. 
While at the fire, Meador told appellant that he did not want appellant on any
of the equipment until he was voted into the department.  Appellant got angry,
and a few nights later, he started the second fire at another abandoned house. 
He put three strobe flares on the porch where a board was missing.  Appellant
went home and waited thirty minutes and then fell asleep.  When he woke up, he
heard a boom and looked out and saw orange, so he called the fire in to the
sheriff=s department
and went to help extinguish the fire.           Appellant was indicted in two
causes for arson.  Each indictment had an enhancement paragraph alleging a
prior felony.  Appellant filed a motion to suppress his statements in each
cause.  After a hearing, the trial court denied appellant=s motions.  Appellant
pleaded not guilty to each indictment and proceeded to a jury trial.  At trial,
the State offered appellant=s
signed statement, and the trial court admitted it over appellant=s objection.

Issue
on Appeal

Appellant
asserts that his confession was not freely and voluntarily given and should not
have been admitted into evidence. 

Admission
of Appellant=s
Statement








When a defendant challenges the voluntariness of his
statement, due process requires the trial court to hold a hearing on the
admissibility of the statement.  Jackson v. Denno, 378 U.S. 368,
380 (1964).  The State has the burden at the hearing to prove by a
preponderance of the evidence that the defendant=s
statement was voluntary.  Colorado v. Connelly, 479 U.S. 157, 169
(1986).  We review the trial court=s
admission of evidence under an abuse of discretion standard.  Weatherred v.
State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  We will uphold the trial
court=s ruling if it
is within the zone of reasonable disagreement.  Id.  At a suppression
hearing, the trial court is the sole judge of the credibility of the witnesses
and the weight of their testimony.  Penry v. State, 903 S.W.2d 715, 744
(Tex. Crim. App. 1995); see also Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990).  

A
statement of an accused may be used in evidence against him if it was freely
and voluntarily given without compulsion or persuasion.  Tex. Code Crim. Proc. Ann. art. 38.21
(Vernon 2005).  To determine if a statement is voluntary, we examine the totality
of the circumstances under which the statement was obtained.  Penry, 903
S.W.2d at 744.  A statement is involuntary if there was official coercive
conduct of such a nature that any statement obtained thereby was unlikely to
have been the product of an essentially free and unconstrained choice by its
maker.  Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995).  

At
the hearing on appellant=s
motions to suppress, Sheriff Mullen testified that appellant asked to speak to
him and went freely with him to the station.  He further testified that he gave
appellant his Miranda warnings and that he believed appellant understood
his rights and did not have any mental impairment.  Sheriff Mullen stated that
appellant was not under arrest, that he was free to leave at any time, and that
he never indicated that he did not want to talk to him or that he wanted to
talk to a lawyer.  Sheriff Mullen testified that it took appellant about twenty
minutes to tell his story and forty-five minutes for him to type it.  Sheriff
Mullen testified that appellant read the statement and that he believed that
appellant knew exactly what he was signing.  He further testified that he did
not threaten, intimidate, or coerce appellant in any way.  On
cross-examination, Sheriff Mullen testified that he did not have a firearm in
his possession or within his reach when he talked to appellant.








Appellant
testified at the suppression hearing as well.  He stated that Sheriff Mullen
contacted him and asked him to help move some things.  Appellant went with
Sheriff Mullen voluntarily.  Appellant testified that, once they got to the
station, Sheriff Mullen told him to shut the door and sit down, stating, A[W]e need to have a serious
talk.@  Appellant
testified that he asked if he could talk to a lawyer but that Sheriff Mullen
told him that he did not need one yet.  Appellant also testified that Sheriff
Mullen did not give him his Miranda warnings until after the statement
was written and signed.  Appellant stated that, other than the part about him
having words with Meador, the statement was not his words.  Sheriff Mullen
composed the rest of the statement on his own.  Appellant testified that at
first he said he would not sign it but then Sheriff Mullen Apulled his pistol out of
his holster and set it on his desk with his right hand on it, with his right
index finger on the trigger.@ 
Appellant further testified that he thought Sheriff Mullen was bluffing and
still did not sign the statement.  Appellant stated that he did not sign the
statement until Sheriff Mullen told him that he could make him disappear. 
Appellant stated that the reason he signed the statement was because he was
scared and felt his life was being threatened.  

The
trial court did not abuse its discretion in admitting appellant=s statement.  We give
deference to the trial court=s
rulings on questions of fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  A question turns on an evaluation of credibility and demeanor
when the testimony of one or more witnesses, if believed, is always enough to
add up to what is needed to decide the substantive issue.  Loserth v. State,
963 S.W.2d 770, 773 (Tex. Crim. App. 1998).  It is clear that the trial court
believed Sheriff Mullen=s
testimony that showed that appellant=s
statement was given freely and voluntarily without compulsion or persuasion.  
We overrule appellant=s
issue on appeal.

Conclusion

We
affirm the judgments of the trial court. 

 

 

RICK STRANGE

August 7, 2008                                                             JUSTICE

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:   Wright,
C.J.,

McCall, J., and Strange, J. 









[1]Miranda v. Arizona, 384 U.S. 436 (1966).